John Balazs, Bar. No. 157287
Attorney At Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
Facsimile: (916) 557-1118
john@balazslaw.com

Attorney for Defendant
JOSE ANTONIO OJEDA CABADA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSE ANTONIO OJEDA CABADA,<br><br>   Defendant. | No. 2:08-CR-0562-06 WBS<br><br>**STIPULATED MOTION UNDER 28 U.S.C. § 2255 AND** ~~PROPOSED~~ **ORDER**<br><br>Hon. William B. Shubb |

Defendant, JOSE ANTONIO OJEDA CABADA, by and through his attorney, John Balazs, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Jason Hitt, hereby stipulate that defendant's sentence be set aside under 28 U.S.C. § 2255 and that he be resentenced to a total term of 97 months imprisonment as follows:

   1.   On November 5, 2010, defendant pled guilty to a single-count Superseding Information charging him with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a).

   2.   On December 9, 2010, a jury found defendant guilty of three counts in a Superseding Indictment: conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, methamphetamine, and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) (count 3); and unlawful use of a communication facility in furtherance of a drug trafficking offense in

violation of 21 U.S.C. § 843(b) (count 6).

3. The presentence report calculated the applicable guideline range using the 2010 guidelines manual. The probation officer determined the total amount of drugs that defendant was responsible for under relevant conduct principles was 14.89 kilograms of cocaine, 70.8 grams of cocaine base, 128.4 grams of actual methamphetamine, and 474.5 grams of marijuana. Presentence Report (PSR), at 15, ¶49. Using the drug conversion ratio in U.S.S.G. § 2D1.1, comment. (n.10(D)), the report converted these amounts to 5,799 kilograms of marijuana, which resulted in a base offense level of 34. (The immigration offense had a base offense level of 8. Because it was more than 8 levels below the drug offenses, it did not "score" in calculating the defendant's guideline range.) The report added 2 levels for a possession of a firearm and subtracted 2 levels for defendant's minor role in the offense. The report also determined that defendant was entitled to a 3-level reduction under U.S.S.G. § 2D1.1(a)(5) because his offense level was at least a level 34 and he received a mitigating role reduction.

4. With a criminal history category I and a total offense level of 31, the applicable guideline range was 108-135 months, except that the purported 120-month mandatory minimum made the range 120-135 months. PSR, at 21, ¶84. On April 29, 2011, the district judge adopted these guideline calculations and sentenced defendant to the bottom of this guideline range, 120 months as follows: 120 months on counts one and three, 48 months on count six, and 24 months on the Superseding Information charge, all to be served concurrently for a total sentence of 120 months.

5. In consolidated appeals, the Ninth Circuit affirmed defendant's conviction and sentence, but vacated codefendant Jose Gonzalez Arias's sentence on the ground that his 20-year mandatory minimum sentence violated *Apprendi v. New* Jersey, 530 U.S. 466, 490 (2000), because the jury's verdict established only a 5-year mandatory minimum instead of ten years (before consideration of Arias's prior drug felony conviction). *See United States v. Ojeda Cabada, et. al.,* No. 11-10227 (9th Cir. Nov. 26, 2014). Dist. court dkt. entry 389.

6. Pursuant to the Ninth Circuit's decision in this case, defendant Ojeda Cabada hereby moves, and the parties so stipulate, to set aside his sentence under 28 U.S.C. § 2255 on the ground that the jury's verdict established only a 5-year mandatory minimum instead of ten years under the *Apprendi* decision. This § 2255 motion is timely in that it is filed within 1-year

from the date that defendant's conviction became final, that is, February 14, 2015.

7. The parties also stipulate that with the addition of Guideline Amendment 782, defendant's total offense level is now 30 as follows: a base offense level of 32 with respect to 5,799 kilograms of marijuana, plus 2 levels for possession of a firearm, minus 2 levels for defendant's minor role in the offense, and minus 2 levels under U.S.S.G. § 2D1.1(a)(5)(i) because the offense level is at least 32 and he received a mitigating role reduction. With criminal history category I, defendant's guideline range is now 97-121 months. The parties stipulate that a sentence at the low end of this range, or 97 months imprisonment, is a fair and appropriate sentence in light of all the sentencing factors set forth in 18 U.S.C. § 3553(a). The parties also stipulate that all other aspects of defendant's sentence imposed on April 29, 2011 are to remain the same.

8. The parties further stipulate that defendant's pending motion to reduce his sentence under Amendment 782 and 18 U.S.C. § 3582(c)(2) (dkt. entry 409) should be denied as moot if the Court approves this stipulation.

9. Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), defendant has been advised of his right to be present and his right to allocute at resentencing. Defendant has executed the attached waiver and knowingly and voluntarily waives these rights.

It is so stipulated.

Dated:  December 11, 2015				Dated:   December 11, 2015

BENJAMIN B. WAGNER
United States Attorney


 /s/ *Jason Hitt*					 /s/*John Balazs*
JASON HITT					JOHN BALAZS
Assistant U.S. Attorney

Attorney for Plaintiff				Attorney for Defendant
UNITED STATES OF AMERICA			JOSE ANTONIO OJEDA CABADA

## VERIFICATION AND WAIVER OF APPEARANCE

I, Jose Antonio Ojeda Cabada, consent to this motion to vacate, set aside, or correct my sentence under 28 U.S.C. § 2255.  I verify under penalty of perjury that it is true and correct.

I also knowingly and voluntarily waive any right I may have to be personally present and my right to allocution at resentencing.

Dated:  December 11, 2015

/s/ Jose Antonio Ojeda Cabada
Jose Antonio Ojeda Cabada
Defendant
[authorized counsel to sign in 12/11/15 prison legal call]

I certify that I translated this document from English to Spanish by telephone at his attorney's office.

Dated:  December 11, 2015

/s/ Cristina Scherer
Cristina Schererer

**ORDER**

For good cause and the reasons set forth above, IT IS HEREBY ORDERED that defendant Jose Antonio Ojeda Cabada's stipulated motion to set aside his sentence under 28 U.S.C. § 2255 is GRANTED.  The Court finds that defendant's criminal history category is I, his total offense level is now 30, and his applicable guideline range is 97-121 months.  In light of the guideline range and all the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that a sentence of 97 months imprisonment is fair and appropriate in this case.  The Court hereby sentences defendant to 97 months on counts one and three, 48 months on count six, and 24 months on the charge in the Superseding Information, all to run concurrently, for a total sentence of 97 months.  All other aspects of the sentence imposed on April 29, 2011 are to remain the same.

It is also ordered that defendant's pending motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is denied as moot and that the motion hearing on January 4, 2016 is vacated.

Dated:  December 11, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE